J. S15037/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                    :           PENNSYLVANIA
                  v.                :
                                      :
HASSAN GRAVES,             :           No. 3134 EDA 2015
                                      :
             Appellant     : 

Appeal from the Judgment of Sentence, July 17, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003082-2011

BEFORE: BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED APRIL 07, 2017**

Hassan Graves appeals from the judgment of sentence of July 17, 2015, following revocation of his probation. We affirm.

The Honorable Daniel J. Anders has aptly summarized the history of this case as follows:

> On May 23, 2011, [appellant] entered into a negotiated plea agreement and was sentenced to a term of time served to 23 months of incarceration with immediate parole and a consecutive period of 3 years of probation for a conviction for receiving stolen property [("RSP")]. While [appellant] was on parole, the trial court found him in violation of his supervision for absconding as well as for violating terms of his probation and for hostile conduct toward the probation officer. For this violation, on October 12, 2012, the trial court sentenced [appellant] to the balance of the back time of his incarceration sentence; the 3 years of probation remained in place.

On October 15, 2012, the trial court paroled [appellant] to NET/Frankford, an outpatient treatment facility. On December 15, 2012, [appellant] was arrested and charged with possession with intent to deliver a controlled substance ("PWID"). This arrest occurred while [appellant] was on court supervision for the prior RSP conviction. On May 15, 2014, [appellant] was found guilty of the PWID Charge by Judge Charles Ehrlich on docket CP-51-CR-0004794-2013. On October 10, 2014, Judge Ehrlich sentenced [appellant] to 3 to 6 years of incarceration.

On July 17, 2015, the trial court conducted a second VOP [(violation of probation)] hearing for [appellant]. The trial court revoked [appellant]'s probation in light of several technical violations as well as for the direct violation for the PWID conviction. The trial court sentenced [appellant] to 1.5 to 3 years of incarceration to run consecutive to the sentence for the 2014 PWID conviction. In imposing this sentence, the trial court considered the presentence report prepared for Judge Ehrlich as [] well as [appellant]'s mental health evaluation. Both reports contain an extensive summary of [appellant]'s education, employment, family, physical and mental health, as well as his substance abuse and prior criminal history.

Trial court opinion, 6/30/16 at 1-2.

Appellant filed a *pro se* motion for reconsideration of sentence which was denied on July 28, 2015. On October 6, 2015, appellant filed a counseled PCRA[1] petition seeking reinstatement of his direct appeal rights, which was granted on October 14, 2015. A *nunc pro tunc* appeal was filed on October 16, 2015. On October 19, 2015, appellant was ordered to file a

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Appellant failed to comply with the trial court's Rule 1925 order; however, on February 1, 2016, Judge Anders filed a Rule 1925(a) opinion, addressing the likely claims of error on appeal.

On February 10, 2016, appellant filed an application for remand for the filing of a Rule 1925(b) statement *nunc pro tunc*, which was granted on March 3, 2016. Appellant filed a Rule 1925(b) statement *nunc pro tunc* on March 21, 2016; and on June 30, 2016, Judge Anders filed a supplemental Rule 1925(a) opinion.

Appellant has raised the following issue for this court's review:

> Did not the lower court err and abuse its discretion by sentencing appellant to a manifestly excessive [VOP] sentence, [1½] to [3] years of incarceration, where the lower court failed to account for appellant's rehabilitative needs or consider the nature and gravity of the violating offense, and where such sentence was further excessive because the court ordered it to run consecutive to appellant's sentence of [3] to [6] years['] incarceration followed by [5] years of probation in the violating case?

Appellant's brief at 3.

> Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
> > An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether

> appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

> **Id.**

**Commonwealth v. Swope**, 123 A.3d 333, 337 (Pa.Super. 2015).

Following reinstatement of his appellate rights, appellant filed a timely **nunc pro tunc** appeal and preserved his issues in his **pro se** post-sentence motion.[2]  Further, appellant's brief includes a concise statement of reasons

---

[2] Appellant was sentenced on July 17, 2015, and filed his **pro se** motion for reconsideration of sentence on July 28, 2015, one day late.  (Docket #8.) Pa.R.Crim.P. 720(A)(1); **Commonwealth v. Magnum**, 654 A.2d 1146, 1148 (Pa.Super. 1995) ("A written post-sentence motion to reconsider sentence must be filed no later than ten days after imposition of sentence. The failure to do so waives any complaint concerning [the] sentence that does not involve the lawfulness of the sentence itself." (citations and internal quotation marks omitted; footnote omitted)).  However, appellant is incarcerated and so the "prisoner mailbox" rule applies.  **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (an appeal by a **pro se** prisoner is deemed filed on the date the prisoner deposits the appeal with prison authorities and/or places it in the prison mailbox).  Although appellant did not provide evidence of an earlier mailing date such as a prisoner cash slip, one can assume from the date on the post-sentence motion that he placed the document in the hands of prison officials by the tenth day, July 27, 2015.  **See** Pa.R.A.P. 121(a) ("A **pro se** filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the **pro se** filing with the prison authorities."); **Commonwealth**

relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). (*See* appellant's brief at 12-14.) We now must determine whether appellant presents a "substantial question" that the sentence appealed from is not appropriate under the Sentencing Code. *See also Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*) (this court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges).

> An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. [*Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)]; 42 Pa.C.S.A. § 9781(b). Specifically, the appellant must present, as part of the appellate brief, a concise statement of the reasons relied upon for allowance of appeal. *Malovich*, 903 A.2d at 1250; Pa.R.A.P. 2119(f). In that statement, the appellant must persuade us there exists a substantial question that the sentence is inappropriate under the sentencing code. *Malovich*, 903 A.2d at 1250; Pa.R.A.P. 2119(f).

*Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa.Super. 2008).

> In general, an appellant may demonstrate the existence of a substantial question by advancing a colorable argument that the sentencing court's actions were inconsistent with a specific provision of

---

*v. Patterson*, 931 A.2d 710, 714 (Pa.Super. 2007) (noting that even without a postmark definitively noting the date of mailing, quashal may be avoided where the date of receipt indicates that appellant likely placed the notice of appeal in the hands of prison officials before the expiration of 30 days). We conclude that to be received by the clerk on Tuesday, July 28th, appellant's post-sentence motion must have been mailed by Monday, July 27th, and thus preserved his sentencing issues for appeal.

> the sentencing code or violated a fundamental norm of the sentencing process. ***Malovich***, 903 A.2d at 1252. While this general guideline holds true, we conduct a case-specific analysis of each appeal to decide whether the particular issues presented actually form a substantial question. ***Id.*** Thus, we do not include or exclude any entire class of issues as being or not being substantial. ***Id.*** Instead, we evaluate each claim based on the particulars of its own case. ***Id.***

***Id.*** at 289-290.

In his Rule 2119(f) statement, appellant claims that the trial court failed to adequately weigh the gravity of the offense and appellant's rehabilitative needs. (Appellant's brief at 13.) According to appellant, the trial court failed to address his rehabilitative needs, including substance abuse treatment, anger management counseling, literacy classes, and job training. (***Id.***) Appellant also complains that the trial court did not discuss the nature or gravity of appellant's direct violation, the PWID offense. (***Id.***) Appellant argues that by running his VOP sentence consecutively with the sentence on the new charges, the trial court imposed an unreasonably harsh aggregate sentence. (***Id.*** at 13-14.)

This court has held that an appellant's "challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question" for review. ***Swope***, 123 A.3d at 340. ***See also Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa.Super. 2013), ***appeal denied***, 86 A.3d 231 (Pa. 2014)

(finding, ***inter alia***, an assertion that the trial court failed to account for the appellant's rehabilitative needs was a substantial question suitable for review); ***Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa.Super. 2009) ("an averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question" (citations omitted)). "Additionally, a substantial question that the sentence was not appropriate under the Sentencing Code may occur even where a sentence is within the statutory limits." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa.Super. 2010), ***appeal denied***, 13 A.3d 475 (Pa. 2010), citing ***Commonwealth v. Titus***, 816 A.2d 251 (Pa.Super. 2003). Hence, we will consider the merits of appellant's sentencing challenge.

> Our standard of review is well-settled:

> > The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Swope***, 123 A.3d at 340, quoting ***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa.Super. 2014), ***appeal denied***, 109 A.3d 678 (Pa. 2015).

> Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:
>
> (1)   the defendant has been convicted of another crime; or
>
> (2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3)   such a sentence is essential to vindicate the authority of the court.
>
> 42 Pa.C.S. § 9771(c).

*Commonwealth v. Pasture*, 107 A.3d 21, 27-28 (Pa. 2014). We also note that the sentencing guidelines do not apply to sentences imposed as the result of probation revocations. *Id.* at 27 (citations omitted).

Appellant argues that Judge Anders failed to consider his rehabilitative needs for drug treatment, psychological counseling, basic education, and job training, instead deciding to "warehouse" him in state prison. (Appellant's brief at 17.) Appellant has two young children and testified that he wants to further his education and job training to provide for his children. (*Id.* at 17-18.) Appellant argues that while in prison, he obtained his GED and completed parenting classes, as well as other programs, demonstrating his

amenability to rehabilitation. (*Id.*) Appellant also expressed remorse for his actions and apologized for being rude to his probation officer. (*Id.* at 17.) According to appellant, there was no indication that Judge Anders considered any of these factors. (*Id.* at 18.)

Appellant also complains that Judge Anders failed to consider the nature or gravity of the direct violation, the PWID offense. (*Id.*) Appellant contends that the VOP court did not consider the type of drug involved, the quantity, whether it was an isolated incident, *etc.* (*Id.*) Ultimately, appellant argues that the 1½ to 3-year sentence, consecutive to his sentence on the new charges, "shocks the conscience." (*Id.* at 19, 22.)

Judge Anders explained that he considered the circumstances of the PWID offense, as well as appellant's individual characteristics and rehabilitative needs:

> At the VOP hearing held on July[] 17, 2015, the trial court considered the presentence report, as well as a mental health evaluation for [appellant], both of which contain summaries of the offense and relevant personal history and characteristics of [appellant]. The trial court incorporated these reports as part of the basis for [appellant]'s sentence. The trial court also considered that this was [appellant]'s second VOP hearing. Finally, the trial court personally observed [appellant] during the VOP hearing as well as at prior hearings.

Trial court opinion, 6/30/16 at 3 (citations to the transcript omitted). The record reflects that Judge Anders carefully considered appellant's arguments in favor of a lesser sentence, as well as those of his attorney, and, in fact,

rejected the Commonwealth's recommendation of a consecutive 3 to 6 year sentence. (Notes of testimony, 7/17/15 at 12.) We also disagree with appellant's representation that he "expressed remorse for his behavior by apologizing for disrespecting his probation officer." (Appellant's brief at 17.) To the contrary, appellant largely defended his actions. (Notes of testimony, 7/17/15 at 13.)[3]

The trial court also had the benefit of a PSI report. "Our Supreme Court has ruled that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information contained therein." *Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa.Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005), citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Appellant's sentence of 1½ to 3 years' incarceration was not manifestly excessive, and Judge Anders was free to impose the sentence consecutively to Judge Ehrlich's sentence on the PWID

---

[3]
> I had my family right here with me. That's when my PO sat there and said that I was allegedly disrespectful on the phone and I wasn't. If I'm arguing or talking to somebody on my phone and you call my phone I could have been arguing with that person about the football game. He called my phone, I didn't know who he was at that time. I can't lie and say I didn't hang up on her. I did. I told her, all right, and I hung up on her. I ain't going to lie and say I didn't, I did. Maybe I was rude, I was rude and I apologize for that.

Notes of testimony, 7/17/15 at 13.

charge. ***Commonwealth v. Perry***, 883 A.2d 599, 603 (Pa.Super. 2005) ("In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." (citations omitted)). Appellant was not entitled to a "volume discount" for his crimes. ***Swope***, 123 A.3d at 341, citing ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 598 (Pa.Super. 2010). Certainly, appellant's sentence does not shock the judicial conscience.[4] We can discern no abuse of discretion in the trial court's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017

---

[4] In fact, appellant's revocation sentence of 1½ to 3 years was within the standard range of the sentencing guidelines, had they applied. (Trial court opinion, 6/30/16 at 3 n.2; notes of testimony, 7/17/15 at 14.)